UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
NAYEEM A. CHOWDHURY,

                     Plaintiff,

                - against -

VEON LTD. and BANGLADESH
TELECOMMUNICATION REGULATORY
COMMISSION (BTRC.),

                     Defendants,
---------------------------------------------------------------x

No. _____

Notice of Removal

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant VEON Ltd., by and through its attorneys Kramer Levin Naftalis & Frankel LLP, herby removes to this Court the case filed in the Supreme Court of the State of New York, County of New York, Index No. 100231/2021, described below, and in support thereof, states as follows:

### Introduction

1. On or about March 19, 2021, Plaintiff Nayeem A. Chowdhury ("Chowdhury") initiated an action by Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York, Index No. 100231/2021, against Defendants VEON Ltd. ("VEON") and Bangladesh Telecommunication Regulatory Commission ("BTRC"). A copy of the Summons and Verified Complaint ("Complaint") is attached hereto as Exhibit A.

2. Plaintiff purported to serve the Complaint by federal express.

3. Defendant VEON received a copy of the federal express package containing the Complaint on March 24, 2021.

KL3 3335572.5

- 2 -

4.     Upon information and belief, BTRC has not yet been properly served with a copy of the Complaint.

5.     In this action, Chowdhury purports to allege claims for breach of contract, fraud and/or aiding and abetting fraud and for violations of the "Federal Securities Exchange Commission."  Complaint ¶¶ 17-19.  Plaintiff seeks damages in the sum of $2.39 billion. Complaint at p. 6.

6.     As of the date of this Notice of Removal, Defendants have not filed a responsive pleading to any complaint in this action.

**Basis for Jurisdiction**

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) as the action is (i) between a citizen of a state and citizens or subjects of a foreign state and (ii) the amount in controversy is in excess of $75,000.

8.     Upon information and belief, Chowdhury is a resident of and domiciled in New York, New York.  Complaint at ¶ 1.

9.     Upon information and belief, Defendant BTRC is a telecommunications regulator and commission of the government of Bangladesh, based in Bangladesh at IEB Bhaban, Ramna, Dhaka 1000, Bangladesh. Complaint ¶¶ 2, 4.

10.     Defendant VEON is a company incorporated in Bermuda with its headquarters and principal place of business at Claude Debussylaan 88, 1082 MD Amsterdam, Netherlands.

11.     Accordingly, there is complete diversity among the parties under 28 U.S.C. §1332(a).

- 3 -

12. Chowdhury seeks damages of $2.39 billion, well in excess of $75,000. Complaint ¶ 20.

13. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the face of the Complaint reveals that Plaintiff raises substantial questions of law under the "Federal Securities Exchange Commission." Complaint ¶ 18.

14. Specifically, paragraph 18 of the Complaint alleges that "VEON continues to provide misinformation to its investors . . . with a malafide intent to increase its share prices in NASDAQ which amounts to alleged Federal Securities Exchange Commission violations." Complaint ¶ 18.

## Other Prerequisites

15. This Notice is timely filed under 28 U.S.C. § 1446(b) in that it is being filed within thirty days of receipt by VEON of the initial pleading.

16. Venue lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in the Supreme Court of the State of New York, County of New York. Therefore, venue is proper in this District because it is the "district . . . embracing the place where such action is pending." U.S.C. § 1441(a).

17. Defendant BTRC does not need to consent to removal because, upon information and belief, BTRC has not been properly served with the Complaint. *See Harraz v. EgyptAir Airlines Co.*, No. 18 Civ. 12364 (ER), 2019 WL 6700946, at *5 (S.D.N.Y. Dec. 9, 2019) ("Parties 'who have not been properly joined or served' at the time of removal are not within the scope of the consent requirement." (cites and brackets omitted)). Upon information and belief, Plaintiff has simply mailed copies of the Complaint to BTRC in Bangladesh via

FedEx, which does not constitute service under the applicable statute. *See* 28 U.S.C. 1608(b)(2)(B) (providing method for service in state and federal courts upon an "agency or instrumentality of a foreign state"); *Sakhrani v. Takhi*, No. 96-CV-2900 (KMW)(RLE), 1997 WL 33477654, at *6 (S.D.N.Y. Sept. 10, 1997) (finding defendant was not served where plaintiff failed to provide a translation of the complaint; the complaint was not addressed and dispatched by the court clerk; and plaintiff did not provide proof of defendant's actual notice of the complaint). We further note that Banladesh is in lockdown as a result of the COVID -19 pandemic with severe restrictions on the ability to travel and/or work in the office. https://www.dhakatribune.com/health/coronavirus/2021/04/19/lockdown-extended-for-7-more-days.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant VEON will provide written notice of this removal to all other parties. A copy of this notice will be filed with the Clerk of the Supreme Court of the State of New York, County of New York.

19. By filing this Notice of Removal, VEON does not admit any of the allegations of the Complaint, and it does not waive, and expressly reserves, any and all objections or defenses that it may have to the claims asserted in the Complaint, including without limitation with respect to personal jurisdiction.

WHEREFORE, the case now pending in the Supreme Court of the State of New York, County of New York, bearing Index No. 100231-2021 is hereby removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1331, 1332, 1441 and 1446.

Dated: New York, New York  
      April 21, 2021

Respectfully submitted,  
Kramer Levin Naftalis & Frankel LLP

By: /s/ Sean Coffey  
    John P. Coffey  
    Kerri Ann Law  
1177 Avenue of the Americas  
New York, New York 10036  
(212) 715-9100  
scoffey@kramerlevin.com  
klaw@kramerlevin.com  
*Attorneys for Defendant VEON Ltd.*