UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                    :
NAYEEM A. CHOWDHURY,                             :
                                                   :
                     Plaintiff,                        :         21 Civ. 3527 (JPC) (RWL)
       -v-                                            :
                                                   :         <u>OPINION AND ORDER</u>
VEON LTD. and BANGLADESH                :
TELECOMMUNICATION REGULATORY   :
COMMISSION,                                             :
                                                   :
                   Defendants.                   :
                                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       This case involves a dispute arising from a March 8, 2021 auction of a spectrum bandwidth license in Bangladesh. Nayeem Chowdhury claims to be an investor in a Bangladeshi telecommunications company called WorldTel Bangladesh Limited ("WorldTel"). He brings this suit against the telecommunications regulator of the Bangladeshi government, the Bangladesh Telecommunication Regulatory Commission ("BTRC"), and another telecommunications company, VEON Ltd. In essence, Chowdhury alleges that BTRC illegally auctioned broadband spectrum, which was in fact licensed to WorldTel, to VEON's Bangladeshi subsidiary, with VEON knowing of WorldTel's pre-existing license. He further accuses VEON of misleading its investors in connection with this auction. Both Defendants move to dismiss. Because BTRC has sovereign immunity from suit, and Chowdhury lacks standing to sue VEON, the motions are granted.

## I. Background

**A. Facts**[1]

Chowdhury, a resident of New York City, along with others, invested in WorldTel "to build and construct a wireless telecom infrastructure in Bangladesh." Complaint ¶¶ 1, 5;[2] *see* Opposition, Exh. 3 at 3 (WorldTel brochure explaining that the company was incorporated in 2000 to operate a "fixed line wireless network" in Dhaka, Bangladesh). WorldTel has "licenses to operate" in Bangladesh "with 7.4 MHz spectrum bandwidth in the 1800 MHz Band." Complaint ¶ 5. WorldTel "received its license . . . in 2001 through international competitive bidding" pursuant to a License Agreement. *Id.* ¶ 8. Chowdhury describes this License Agreement as "25 years and renewable." *Id.* ¶ 5. The market value of the 7.4 MHz bandwidth is $230 million. *Id.* The License Agreement contains an arbitration clause, "which makes compulsory for the parties to resolve any dispute by the process of informal dispute resolution or arbitration." *Id.* ¶ 7. After entering into the License Agreement in 2001, WorldTel commenced business with Chowdhury and others investing more than $250 million in WorldTel's Bangladeshi telecommunications project. *Id.* ¶¶ 8-9.

BTRC is "a telecommunication [r]egulator and [c]omission of [the] [g]overnment of Bangladesh, under the Ministry of Post and Telecommunication." *Id.* ¶ 4. Chowdhury alleges that

---

[1] The following facts, which are assumed true for only purposes of this Opinion and Order, are taken from Chowdhury's Complaint. Dkt. 1, Exh. 1 ("Complaint"). The Court "draw[s] all inferences in the plaintiff's favor." *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Because Chowdhury is proceeding *pro se*, the Court also interprets his pleadings and arguments "liberally . . . to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

[2] In his opposition to VEON's motion to dismiss, Chowdhury describes himself as the "Founder/Owner, Board Member[,] and CEO" of WorldTel, and he maintains that he is "duly authorized by WorldTel . . . to bring this action." Dkt. 33 ("Opposition") at 1.

BTRC "thwarted and sabotaged" WorldTel, *id.* ¶ 8, and that "[a] similar malaise is seen in the environment against other smaller competitors," *id.* ¶ 9. Three larger competitors, including VEON's Bangladeshi subsidiary, Bangalink, "have more than 90% market share." *Id.* ¶¶ 3, 9. VEON is headquartered in the Netherlands, and its stock is traded on the NASDAQ exchange. *Id.* ¶¶ 2-3.

On March 8, 2021, BTRC held a spectrum auction, at which the agency auctioned the rights to the 1800 MHz spectrum band—the same band for which Chowdhury contends WorldTel obtained a 25-year license in 2001. *Id.* ¶ 6. Participants in the auction included Banglalink and other unidentified multinational companies. *Id.* ¶¶ 6, 15-16. Four days prior to the auction, on March 4, 2021, WorldTel sent a "Demand of Justice Notice and Notice of Arbitration" to BTRC, VEON, and the two other multinational companies. *Id.* ¶¶ 14-15. While the Complaint does not explain the nature or content of the notice, Chowdhury asserts that VEON and the others were "duly informed . . . of the legal dispute" regarding the bandwidth. *Id.* ¶ 10. Four legal notices regarding the issue have been sent to BTRC since 2017. *Id.* ¶ 13. The auction went forward, with Bangalink bidding on the subject bandwidth (and presumably prevailing in the auction). *Id.* ¶ 10. Chowdhury further alleges that "in spite [of] having knowledge of questionable and incomplete" auction procedures, "VEON continues to provide misinformation to its investors . . . with a malafide intent to increase its share prices." *Id.* ¶ 18.

**B. Procedural History**

Chowdhury filed suit against BTRC and VEON in New York Supreme Court, New York County, on March 19, 2021. *Id.* at 1. On the face of the Complaint, Chowdhury alleges that Defendants committed breach of contract, in connection with the March 8, 2021 auction. *Id.* ¶ 19. As noted below, the Court also liberally construes Chowdhury as alleging fraud against both

3

Defendants in connection with the auction. *See id.* ¶ 16 (alleging "[t]hat the auction participated [in] by VEON and other multinational companies and conducted by BTRC . . . [was] initiated to defraud me and other co-investors" in WorldTel). He further alleges that VEON's provision of providing misinformation to its investors "amounts to . . . Federal Securities Exchange Commission violations." *Id.* ¶ 18. In all, Plaintiff demands judgment against Defendants, jointly and severally, for at least $2.39 billion. *Id.* ¶ 20.

VEON removed the case to federal court on April 21, 2021. Dkt. 1. Soon after, on May 19, 2021, VEON moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b), raising several grounds for dismissal. Dkts. 24, 26 ("VEON Motion"). Chowdhury filed his opposition to VEON's motion on July 19, 2021, and VEON filed a reply brief on August 9, 2021, Dkt. 35. On August 31, 2021, BTRC also moved to dismiss. Dkts. 44, 45 ("BTRC Motion"). The Court ordered Chowdhury to oppose the BTRC Motion by October 1, 2021, Dkt. 42, and BTRC served a notice on Chowdhury explaining that the failure to oppose could lead to the case's dismissal. Dkt. 46. Chowdhury, however, has neither opposed the BTRC Motion nor sought an extension to do so.

## II. Legal Standard

Defendants attack Chowdhury's Complaint on numerous threshold, non-merits grounds. Federal courts have "leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quotations omitted). The arguments the Court considers dispositive—related to subject-matter jurisdiction and standing—all lie under Federal Rule of Civil Procedure 12(b)(1). *See All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n. 6 (2d Cir. 2006). "When presented with a facial Rule 12(b)(1) motion to dismiss, *i.e.*, one that is based solely on the

4

allegations in the complaint," the Court "accepts as true all material factual allegations of the complaint[] and draws all reasonable inferences in the plaintiff's favor." *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 574 (S.D.N.Y. 2021). The Court must still decide an unopposed motion to dismiss on its merits. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

### III. Analysis

The Court liberally construes the *pro se* Complaint as alleging, first, breach of contract and fraud claims against both BTRC and VEON, and second, a securities fraud claim against VEON. Sovereign immunity precludes this Court's exercise of jurisdiction over Chowdhury's claims against BRTC. And the Court also lacks jurisdiction over Chowdhury's claims against VEON on account of his lack of standing to bring those claims.

**A. Sovereign Immunity Bars the BTRC Claims**

"The Foreign Sovereign Immunities Act [("FSIA")] 'provides the sole basis for obtaining jurisdiction over a foreign state'" in American courts. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)). The FSIA provides that, subject to international agreements to which the United States was a party at the time of the statute's enactment, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604; *see id.* § 1605 (enumerating exceptions to foreign sovereign immunity); *id.* § 1607 (addressing situations when a foreign state intervenes in a lawsuit and a counterclaim is filed). The statute defines a "foreign state" to include "an agency or instrumentality of a foreign state." *Id.* § 1603(a). "Under the FSIA, in the context of a Rule 12(b)(1) motion based on factual insufficiency, a court may look beyond the pleadings, to the evidence properly before it, and assess the substance of the allegations" in light of the "particular

5

significance" of sovereign immunity. *Mortimer Off Shore Servs., Ltd. v. Federal Republic of Germany*, 615 F.3d 97, 105 (2d Cir. 2010).

"A defendant seeking sovereign immunity bears the burden of establishing a prima facie case that it is a foreign sovereign." *Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555, 559-60 (2d Cir. 2020). Here, Chowdhury has alleged as much. In the Complaint, Chowdhury pleads that BTRC is a regulator and commission of the Bangladeshi government. Complaint ¶ 4; *see also* Opposition at 8 ("BTRC is a Government of Bangladesh instrumentality/agency[.]"). This status is confirmed by evidence presented by BTRC. BRTC Motion, Exh. A ¶ 5 (Director (Legal) of BTRC declaring that "BTRC is an independent commission formed by the Parliament of Bangladesh"). As such, BTRC is an "agency or instrumentality of a foreign state" for purposes of the FSIA, and thus a "foreign state" subject to the FSIA's requirements. 28 U.S.C. § 1603(a)-(b); *see also Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co.*, 476 F.3d 140, 143 (2d Cir. 2007).

Under the FSIA, "unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Nelson*, 507 U. S. at 355; *see also* 28 U.S.C. § 1605 (enumerating the relevant exceptions). Once a defendant shows that it is a foreign state, "the burden shifts to the plaintiff to make an initial showing that an enumerated exception to sovereign immunity applies." *Pablo Star Ltd.*, 961 F.3d at 559. Chowdhury does not allege that any of the FSIA's enumerated exceptions apply. *See generally* Complaint; Opposition.[3] Accordingly, Chowdhury's claims against BTRC are dismissed. *See, e.g., Peninsula Asset Mgmt. (Cayman) Ltd.*, 476 F.3d at 143 (holding that the FSIA barred an action when a plaintiff "put

---

[3] While it is Chowdhury's burden to make a showing that an exception to sovereign immunity applies, none of the exceptions enumerated in the FSIA would seem to. *See* 28 U.S.C. § 1605.

forward no argument or evidence showing that one of the FSIA exceptions applies"); *Johnson v. U.K. Gov't*, 608 F. Supp. 2d 291, 295 (D. Conn. 2009) (dismissing claims because the *pro se* plaintiff did "not allege that any of the statutory exceptions to the FSIA apply").

## B. Chowdhury Lacks Standing to Assert the VEON Claims

"The party invoking federal jurisdiction bears the burden of establishing standing." *Hedges v. Obama*, 724 F.3d 170, 188 (2d Cir. 2013) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411-12 (2013)). "[T]he irreducible constitutional minimum of standing contains three elements": "injury in fact," "a causal connection between the injury and the conduct complained of," and a "likel[ihood]" beyond "specu[lation]" "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotations omitted). "The injury-in-fact requirement demands not only the existence of a legally cognizable injury, but also that the plaintiff [himself] be 'among the injured.'" *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 42 (2d Cir. 2015) (quoting *Lujan*, 504 U.S. at 563). "Demonstrating that the defendant's allegedly unlawful conduct caused injury to the plaintiff h[im]self is thus generally an essential component of Article III standing." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).

### 1. Contract and Fraud Claims

"A shareholder—even a sole shareholder—does not have standing to assert claims alleging wrongs to the corporation." *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 736 (2d Cir. 1987) (dismissing a claim asserted by a corporation's sole shareholder and president for "defendants' failure to award contracts" to the corporation); *see also Liberty Sackets Harbor LLC v. Vill. of Sackets Harbor*, 776 F. App'x 1, 3 (2d Cir. 2019); *Steinberger v. Lefkowitz*, 634 F. App'x 10, 11-12 (2d Cir. 2015); *Barton v. Ne. Transp., Inc.*, No. 21 Civ. 326 (KMK), 2022 WL 203593, at *9 (S.D.N.Y. Jan. 24, 2022) (dismissing claims by a "sole owner and proprietor" of a

corporation; collecting cases); *Gabayzadeh v. Glob. Equip. & Mach. Sales Inc.*, No. 18 Civ. 3851 (LGS), 2019 WL 5880639, at *3 (S.D.N.Y. Jan. 28, 2019); *Alphas v. City of New York Bus. Integrity Corp.*, No. 15 Civ. 3424 (ALC), 2017 WL 1929544, at *3 (S.D.N.Y. May 9, 2017). Such issues are "appropriately analyzed under . . . constitutional standing jurisprudence." *Steinberger*, 634 F. App'x at 11 n.1.

Chowdhury alleges that VEON "thwarted and sabotaged" WorldTel, Complaint ¶ 8, and participated in an auction for a bandwidth spectrum that WorldTel had a disputed claim to, *id.* ¶¶ 10, 16. These allegations stem from harms to WorldTel, not to Chowdhury himself. Moreover, since Chowdhury does not allege that he was a party to any contract with VEON, *see generally* Complaint, he lacks standing to bring a breach of contract claim against VEON, *see Monahan v. Pena*, No. 08 Civ. 2258 (JFB), 2009 WL 2579085, at *3 (E.D.N.Y. Aug. 18, 2009) (holding that "an officer[] has no standing to sue to vindicate the rights of his corporation" to performance under a contract).

In opposition, Chowdhury insists that he has been "duly authorized by WorldTel . . . to bring this action." Opposition at 5; *see also id.* at 1. But as the Second Circuit has explained, even a sole owner—whose actions are, by definition, authorized by the corporation's shareholders—lacks standing to bring his corporation's claim. *See Jones*, 836 F.2d at 736. That reflects the general principle that permission to sue alone, absent an assignment that confers ownership of the claim, does not create standing. *See W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) ("[A] mere power-of-attorney—*i.e.*, an instrument that authorizes the grantee to act as an agent . . . for the grantor—does not confer standing to sue in the holder's own right." (citation omitted)). While third parties may nevertheless sue on behalf of others in certain situations, *see, e.g., Mahon*, 683 F.3d at 62 n.3; *id.* at 66-67 (Hall, J., concurring

8

in judgment), none of those exceptions are applicable here. For example, a third party with a close relationship to an injured party may assert the injured party's claim, but only when the latter cannot assert the claim itself. *W.R. Huff Asset Mgmt. Co.*, 549 F.3d at 109-10. Since Chowdhury has not alleged an assignment conferring ownership of the breach of contract claim, nor WorldTel's "legally-recognized inability to assert [that] claim," he lacks standing. *Fed. Treasury Enter. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 81 (2d Cir. 2013).

### 2. Securities Claim

Chowdhury also alleges that VEON "continues to provide misinformation to its investors" in connection with the auction, thereby violating the federal securities laws. Complaint ¶ 18. But Chowdhury does not allege that he owns, or ever owned, stock in VEON. *See generally* Complaint. Thus, he lacks standing to sue for any alleged harms to VEON's shareholders. *See Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 480-81 (S.D.N.Y. 2010).

### IV. Conclusion

For all the reasons given, the Court grants Defendants' motions to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. "[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (quotations omitted). The Court therefore dismisses the claims without prejudice. But because BTRC is immune from suit, amendment would be futile, so the Court terminates BTRC from the case. *See Kling v. World Health Org.*, 532 F. Supp. 3d 141, 153 (2d Cir. 2021) (explaining that courts "regularly" do not permit amendment "where the defendant is immune from suit"). If Chowdhury wishes to file an amended complaint as to VEON, he must do so by April 29, 2022. Failure to file an amended

complaint by that date, and without good cause to excuse such failure, will result in the Court entering judgment. The Clerk of Court is respectfully directed to close the motion pending at Docket Number 44 and to terminate Defendant Bangladesh Telecommunication Regulatory Commission from the case.

    SO ORDERED.

Dated: March 30, 2022
       New York, New York

                                                JOHN P. CRONAN
                                          United States District Judge