```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
NAYEEM A. CHOWDHURY,                                                   :
                                                                       :
                          Plaintiff,                                   :
                                                                       :     21 Civ. 3527 (JPC) (RWL)
             -v-                                                       :
                                                                       :     OPINION AND ORDER
VEON LTD. and BANGLADESH                                               :
TELECOMMUNICATION REGULATORY                                           :
COMMISSION,                                                            :
                                                                       :
                          Defendants.                                  :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

*Pro se* Plaintiff Nayeem A. Chowdhury initiated this action against Defendants VEON Ltd. ("VEON") and the Bangladesh Telecommunication Regulatory Commission ("BTRC") for claims related to the sale of electromagnetic spectrum bands in Bangladesh. On March 30, 2022, the Court dismissed Chowdhury's original Complaint for lack of subject matter jurisdiction. The Complaint was dismissed as to BTRC on sovereign immunity grounds, and as to VEON for failing to establish standing. The Court granted Chowdhury leave to amend only as to VEON and terminated BTRC from this action given its immunity from suit. Chowdhury now moves for reconsideration of the dismissal, and has filed an Amended Complaint. BTRC opposes reconsideration, and VEON moves to dismiss the Amended Complaint. Because Chowdhury's motion to reconsider the Court's dismissal of BTRC is based on evidence that existed at the time of the Court's prior ruling, the Court denies his motion. The Court further determines that Chowdhury has failed to plead its personal jurisdiction over VEON, and therefore grants VEON's motion to dismiss.

## I. Background[1]

Chowdhury alleges that he is an investor in WorldTel Bangladesh Limited ("WorldTel"), a company that has solicited investments in order to build a "large wireless telecom infrastructure network in Bangladesh with established licenses to operate . . . with 7.4 MHz spectrum bandwidth in the 1800 MHz Band." Am. Compl. ¶ 5. He alleges that WorldTel has "unequivocally conferred assignment" to him of all claims that have arisen due to damages caused by BTRC and VEON "in so far as this suit is concerned." Motion for Reconsideration at 2.

On March 8, 2021, BTRC held a "spectrum auction . . . on two bands (1800 MHz and 2100 MHZ [sic] bands)," which the Court understands to be bands of the electromagnetic spectrum used to transmit information. Am. Compl. ¶ 6. Chowdhury alleges that this auction "unlawfully and illegally" included a portion of the spectrum owned by WorldTel and that VEON, through a subsidiary, bid on and won the rights to that spectrum portion. *Id.* This auction damaged WorldTel, and was conducted in violation of "all rules and norms and the License Agreement" between WorldTel and BTRC. *Id.* ¶¶ 7-8. Chowdhury alleges that WorldTel has invested "more than $250 million with others" in Bangladesh but that BTRC has taken various actions against it and other "smaller competitors" "so as to throttle its growth" while disparately treating the "three giant multinationals" including VEON's subsidiary "who have more than 90% market share." *Id.* ¶ 9.

Chowdhury alleges that he has "claimed damages from Defendant BTRC in the tune of $2.39 Billion and 4 legal notices had been sent since 2017; but BTRC is yet to respond, signaling

---

[1] The following facts, which are assumed true for purposes of this Opinion and Order, are taken from the Amended Complaint, which begins with what the Court construes as a motion for reconsideration. Dkt. 65 at 3-8 ("Am. Compl."); *id.* at 2-3 ("Motion for Reconsideration"); *see also Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (explaining that on a motion to dismiss pursuant to Rule 12(b)(6), the court must "assum[e] all facts alleged within the four corners of the complaint to be true, and draw[] all reasonable inferences in plaintiffs' favor"). Citations to the Amended Complaint and the Motion for Reconsideration refer to the pagination at the bottom of each page or to the paragraph of the Amended Complaint.

unethical and rogue behavior needing legal redress." *Id.* ¶ 12. Further, Chowdhury alleges that "the auction participated [in] by Defendant VEON . . . and conducted by BTRC [has] been initiated to defraud [him] and other co-investors into assignor WorldTel Bangladesh Limited, and that Defendant VEON and other multinational companies had also abetted BTRC." *Id.* ¶ 15. He claims that he has "suffered tremendous economic loss, irreparable damage etc. and mental stress due to the malafide [sic], unlawful and illegal actions of Defendant VEON, Defendant BTRC and its cohorts." *Id.* ¶ 16.

Chowdhury originally brought this action in New York Supreme Court, New York County, on March 19, 2021. Dkt. 1 ¶ 1. On April 21, 2021, VEON removed the case to federal court in this District. *Id.* at 1. VEON then moved to dismiss the Complaint on May 19, 2021, Dkts. 24-26, and BTRC similarly moved on August 31, 2021, Dkts. 44-45.

On March 30, 2022, the Court dismissed Chowdhury's original Complaint as to both Defendants. *Chowdhury v. VEON Ltd.*, No. 21 Civ. 3527 (JPC) (RWL), 2022 WL 956271, at *2 (S.D.N.Y. Mar. 30, 2022). The Court liberally construed the *pro se* Complaint as bringing claims for breach of contract and fraud against both Defendants, *id.*, as well as a claim for securities fraud against VEON based on an allegation that VEON "continues to provide misinformation to its investors" in violation of the federal securities laws, *id.* at *4. The Court determined that, as an agency or instrumentality of the government of Bangladesh, BTRC was entitled to sovereign immunity and that Chowdhury had failed to allege any exception to that immunity. *Id.* at *3. The Court further determined that Chowdhury lacked standing to bring any of his claims against VEON, explaining that a shareholder lacks standing to assert claims for wrongs suffered by the corporation, Chowdhury had not alleged an assignment conferring ownership of claims for WorldTel, and Chowdhury had not alleged any ownership of VEON stocks to support a securities fraud claim. *Id.* at *4. Determining that amendment with respect to BTRC would be futile given its sovereign

immunity, the Court terminated BTRC from the case. *Id.* at *5. But the Court did grant Chowdhury leave to amend with respect to his claims against VEON. *Id.*

On July 15, 2022, Chowdhury filed the Amended Complaint, which began with a section titled, "Motion to recall Order & Opinion given by Honorable Court." Motion for Reconsideration at 2. The Court construes that section as a motion for reconsideration of its March 30, 2022 Opinion and Order dismissing the original Complaint. The Amended Complaint renewed Chowdhury's claims against VEON, though the allegations related to VEON's alleged securities fraud have been dropped, and improperly re-added BTRC despite the Court's termination of that party from this action. *See generally* Am. Compl. In an effort to cure the deficiencies identified by the Court in the March 30, 2022 Opinion and Order, Chowdhury now contends that WorldTel has assigned him the rights to bring this action. *See* Motion for Reconsideration at 2-3; *see also, e.g.*, Am. Compl. ¶¶ 1, 5.

BTRC opposed Chowdhury's motion for reconsideration on August 1, 2022. Dkts. 75-76. After a series of extensions, Chowdhury filed a number of documents as a response in late September 2022. Dkts. 88-89, 91. Separately, VEON moved to dismiss the Amended Complaint on August 1, 2022. Dkts. 78, 79 ("Motion to Dismiss"). Chowdhury opposed that motion on September 29, 2022. Dkt. 90 ("Opposition"). VEON filed a reply on October 5, 2022. Dkt. 92.

## II. Discussion

### A. Motion for Reconsideration

The Court begins with Chowdhury's motion for the Court to reconsider its previous decision dismissing his original Complaint. Federal Rule of Civil Procedure 54(b) provides district courts with authority to "revise[]" an order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Local Civil Rule 6.3 further instructs that, in seeking reconsideration of a court order deciding a motion, the moving party must

4

"set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." As such, Rule 54(b) permits "reconsideration in the district court's equitable discretion." *Kaplan v. City of New York*, No. 14 Civ. 4945 (RJS), 2018 WL 2084955, at *5 (S.D.N.Y. Mar. 22, 2018); *accord WestLB AG v. BAC Fla. Bank*, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) ("A district court has broad discretion in deciding a Rule 54(b) motion."). The Court's wide discretion in revising a prior order, however, is not unbounded. "[A] court must be mindful that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Kaplan*, 2018 WL 2084955, at *5 (quoting *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)); *see also Goldfarb v. Channel One Russia*, No. 18 Civ. 8128 (JPC), 2021 WL 1392850, at *5 (S.D.N.Y. Apr. 13, 2021).

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Iowa Pub. Emps.' Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013) (internal quotation marks omitted), *aff'd*, 558 F. App'x 138 (2d Cir. 2014). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Specifically, the Second Circuit has instructed that a motion for reconsideration under Rule 54(b) should be granted only when the moving party meets the burden of identifying: (1) "an intervening change of controlling law," (2) "the availability of new evidence" not previously available, or (3) "the need to correct a clear error or prevent manifest injustice." *Off. Comm. of Unsecured Creditors of Color Tile, Inc.*, 322 F.3d at 167 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The motion may not be used as "a vehicle for

relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Geo-Grp. Commc'ns, Inc. v. Shah*, No. 15 Civ. 1756 (KPF), 2020 WL 5743516, at *10 (S.D.N.Y. Sept. 25, 2020) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *see also Goldfarb*, 2021 WL 1392850, at *6.

With respect to BTRC, Chowdhury argues that a licensing agreement between WorldTel and BTRC constituted a waiver of BTRC's sovereign immunity. Motion for Reconsideration at 3. As noted, the Court dismissed Chowdhury's claims against BTRC in the original Complaint on sovereign immunity grounds. Chowdhury's argument for reconsideration fails because it rests entirely on the Court's consideration of an "international contract (License Agreement) in place with the Government of Bangladesh . . . whereby the said contract concessions by GoB has given rights for Assignor Worldtel Bangladesh Limited to avail and submit to US Court of Law and Jurisdiction." Motion for Reconsideration at 3. Setting aside the question of whether this very general allegation would be sufficient to constitute a waiver of sovereign immunity on the part of BTRC,[2] the contract itself is not properly considered on a motion for reconsideration. "It is black

---

[2] "The Foreign Sovereign Immunities Act [('FSIA')] 'provides the sole basis for obtaining jurisdiction over a foreign state'" in American courts. *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) (quoting *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)). Under the FSIA, subject to international agreements to which the United States was a party at the time of the statute's enactment, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Chowdhury appears to rely on the waiver exception in section 1605(a)(1), which concerns situations where "the foreign state has waived its immunity either explicitly or by implication." *Id.* § 1605(a)(1). An explicit waiver under this provision "must be 'clear and unambiguous,'" *Goel v. Am. Digital Univ., Inc.*, Nos. 14 Civ. 2053, 14 Civ. 1895 (KBF), 2017 WL 1082458, at *16 (S.D.N.Y. Mar. 21, 2017) (quoting *Cap. Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 293 (2d Cir. 2009)), while the "exception for implied waivers 'must be construed narrowly,'" *id.* (quoting *Cabiri v. Gov't of Republic of Ghana*, 165 F.3d 193, 201 (2d Cir. 1999)), such as "when a foreign sovereign has taken an action in relation to specific litigation," *id.* (citing *Smith ex rel. Smith v. Socialist People's Libyan Arab Jamahiriya*, 101 F.3d 239, 244 (2d Cir. 1996)). In maintaining that BTRC has waived its sovereign immunity, Chowdhury refers only generally to WorldTel's "international contract (License Agreement) in place with the Government

6

letter law that a 'motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used a vehicle for relitigating issues already decided by the Court.'" *Nat. Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Pro. Football Ltd. P'ship.*, 409 F. App'x 401, 403 (2d Cir. 2010) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). Chowdhury has not argued that this is a *new* licensing agreement waiving sovereign immunity for previous claims, and to the extent that this agreement was previously in Chowdhury's possession and he failed to present it to the Court in opposition to BTRC's motion to dismiss on sovereign immunity grounds, it is not "new evidence" that was not previously "available" to Chowdhury, *see Off. Comm. of Unsecured Creditors of Color Tile, Inc.*, 322 F.3d at 167-68, and so does not present a valid basis for this Court to reconsider its previous decision. *See also* Dkt. 88 at 2 (referring to the license agreement as "signed and awarded in 2001").

---

of Bangladesh," and does not provide this agreement. Motion for Reconsideration at 3; *see also* Dkt. 88 at 2. BTRC has, however, provided copies of three potentially relevant documents: (1) a 2001 license agreement between WorldTel and the Bangladesh Ministry of Posts and Telecommunications ("MOPT"), Dkt. 76-1, the latter of which was later replaced by BTRC for purposes of this agreement after the agency's establishment under the 2001 Bangladesh Telecommunications Act, *see* Dkt. 76 ¶ 6; (2) a 2004 revalidation order for WorldTel's 2001 license agreement, Dkt. 76-2; and (3) a Substituted Operator License that was issued to WorldTel in 2009 and amended the 2004 revalidation order, Dkt. 76-3. *Cf. Mortimer Off Shore Servs., Ltd. v. Federal Republic of Germany*, 615 F.3d 97, 105 (2d Cir. 2010) ("Under the FSIA, in the context of a Rule 12(b)(1) motion based on factual insufficiency, a court may look beyond the pleadings, to the evidence properly before it, and assess the substance of the allegations . . . recognizing that . . . an assertion of sovereign immunity has particular significance because sovereign immunity under the FSIA is immunity from suit, not just from liability." (internal quotation marks, brackets, and ellipsis omitted)). None of these documents appear to contain any waiver of either BTRC's or MOPT's sovereign immunity for purposes of the FSIA or otherwise provide for those agencies to be subject to litigation in the United States. Indeed, Article 8 of the 2001 license agreement, entitled "Penalties and Dispute Resolution," Dkt. 76-1 at 28, which one would expect to contain any agreement to "submit to US Court of Law and Jurisdiction" as alleged, Motion for Reconsideration at 3, instead contains a provision that "MOPT and [WorldTel] hereby consent and agree that any and all disputes which may arise between them under or in connection with this Agreement and which are not resolved informally . . . shall be referred to arbitration and finally settled under the Rules of Arbitration of the International Chamber of Commerce," Dkt. 76-1 at 30. Similarly, Chowdhury's original state court complaint alleged that "the License Agreement (of Investee Company) . . . makes compulsory for the parties to resolve any dispute by the process of informal dispute resolution or arbitration." Dkt. 1-1 ¶ 7.

Indeed, it appears that Chowdhury even referenced that agreement in his original Complaint. Dkt. 1-1 ¶ 7. As Chowdhury presents no other basis to reconsider that portion of the Court's previous decision dismissing his claims against BTRC on sovereign immunity grounds and terminating BTRC from this action, the motion for reconsideration is denied.

With respect to VEON, the Court previously dismissed Chowdhury's claims for lack of standing. *Chowdhury*, 2022 WL 956271, at *4. Now, Chowdhury has alleged that WorldTel assigned him its claims such that he has standing. In its briefing, VEON has assumed without conceding that the "newly alleged assignment effectively bestowed standing on Chowdhury to assert WorldTel's claims." *See* Motion to Dismiss at 2 n.1. The Court accepts this allegation as part of Chowdhury's Amended Complaint and will consider it below in assessing VEON's motion to dismiss that Amended Complaint. The Court therefore need not consider whether this new allegation of assignment would be a proper ground for reconsidering its prior decision dismissing the claims against VEON in the original Complaint.

**B.     Motion to Dismiss**

VEON moves to dismiss the Amended Complaint on several grounds, including lack of personal jurisdiction, *forum non conveniens*, failure to allege that VEON is liable for its subsidiary's actions, and failure to state a claim. *See generally* Motion to Dismiss. The Court starts and ends with personal jurisdiction.

**1.     Personal Jurisdiction**

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) (internal quotation marks omitted). A plaintiff bears the burden of raising facts that, "if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)

(internal quotation marks and brackets omitted); *accord In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013). Although all allegations are "construed in the light most favorable to the plaintiff," *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79 (2d Cir. 1993), a court need not "draw argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation," *In re Terrorist Attacks*, 714 F.3d at 673 (citations and internal quotation marks omitted).

In assessing a motion to dismiss for lack of personal jurisdiction, a court must undertake a two-step process. At step one, the court must establish that there is "a statutory basis for exercising personal jurisdiction." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 128 (2d Cir. 2013). In assessing this requirement, a court looks to "the law of the forum in which the court sits." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). Second, if the first step is satisfied, a court must assess whether the exercise of jurisdiction comports with due process. *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 224 (2d Cir. 2014) (per curiam).

Chowdhury argues that the Court has personal jurisdiction over VEON because it is "listed on the US NASDAQ Stock Exchange," has an agent for service of process both in New York and in Delaware, has committed a tort outside the state causing injury within the state pursuant to New York Civil Procedure Laws and Rules ("N.Y. C.P.L.R.") section 302(a)(3), and has been a defendant in other litigation in the United States. Opposition at 2-3. None of these arguments provides sufficient grounds for the Court to exercise personal jurisdiction in this case.

Chowdhury's arguments that VEON is listed on the Nasdaq exchange, has an agent for service of process in New York, and has been a defendant in other lawsuits appear to contend that general jurisdiction exists over the company, as none of these arguments relate to VEON's conduct in this particular action. Under New York law, general jurisdiction is proper when "a company has engaged in such a continuous and systematic course of doing business in New York that a finding

of its presence in New York is warranted." *Knight v. Standard Chartered Bank*, 531 F. Supp. 3d 755, 763 (S.D.N.Y. 2021) (quoting *Sonera Holding B.V.*, 750 F.3d at 224). General jurisdiction exists for a corporate entity if its contacts with New York "are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotation marks and brackets omitted). A corporation may be "essentially at home" where it either "is incorporated or where it has its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) (quoting *Daimler AG*, 571 U.S. at 139).

Here, Chowdhury's allegations are insufficient to form a *prima facie* case for general jurisdiction over VEON. Nothing in the Amended Complaint indicates that VEON is incorporated in, or has its principal place of business in, New York. To the contrary, Chowdhury alleges that VEON is "an international telecommunications company," which "operates in Bangladesh through its subsidiary Bangalink." Am. Compl. ¶ 3. None of Chowdhury's arguments change this conclusion. VEON's listing of securities on the Nasdaq is insufficient to establish personal jurisdiction. *See In re Teekay Offshore Partners L.P. Common Unitholders Litig.*, No. 19 Civ. 6483 (RA), 2021 WL 1227415, at *6 n.5 (S.D.N.Y. Mar. 31, 2021) (explaining that "[u]nder both Second Circuit and New York precedent" the fact that a defendant lists securities on the New York Stock Exchange is "insufficient to establish personal jurisdiction as a matter of law"). Nor is it sufficient that VEON has an agent for service of process in New York. *See Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 (2d Cir. 2020) ("[A] foreign corporation does not consent to general personal jurisdiction in New York by merely registering to do business in the state and designating an in-state agent for service of process . . . ."). Similarly, the fact that VEON has been subject to litigation in California, where jurisdiction must be based on ties to California, and that its subsidiary has been subject to litigation in New York, without more, is not sufficient to establish general jurisdiction over VEON in New York. *See Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181,

184 (2d Cir. 1998) ("Where, as here, the claim is that the foreign corporation is present in New York state because of the activities there of its subsidiary, the presence of the subsidiary alone does not establish the parent's presence in the state.")

Chowdhury relies on N.Y. C.P.L.R. section 302(a)(3) as providing a basis for conferring specific jurisdiction over VEON.  Opposition at 2.  That provision allows for a court to exercise personal jurisdiction over a non-domiciliary "who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3).[3]

The lone connection of VEON's alleged conduct to New York, however, is through Chowdhury, who possesses a possible claim here only by virtue of his allegation that WorldTel assigned the claim to him.  But as the Court determined in its March 30, 2022 Opinion and Order, it is WorldTel, not Chowdhury, who allegedly was harmed by VEON's actions.  *See Chowdhury*,

---

[3] Chowdhury does not rely on any other provision of section 302(a), *see generally* Opposition at 2-3, but to be sure they also would not confer personal jurisdiction over VEON. Section 302(a)(1) allows a court to exercise personal jurisdiction over a defendant who "in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state'" but only if "the claim asserted . . . arise[s] from that business activity." *Assaf v. Port Auth. of N.Y. & N.J.*, No. 20 Civ. 9460 (JPC), 2021 WL 2418243, at *3 (S.D.N.Y. June 14, 2021) (first ellipsis in original) (quoting N.Y. C.P.L.R. § 302(a) and then *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)).  Section 302(a)(2) allows for personal jurisdiction if a defendant "in person or through an agent . . . commits a tortious act within the state," N.Y. C.P.L.R. § 302(a), but "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act," *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997).  And Section 302(a)(4) allows for personal jurisdiction over a defendant who "owns, uses or possesses any real property situated within the state," N.Y. C.P.L.R. § 302(a)(4), but only if "the plaintiff's 'cause of action . . . arise[s] out of the fact of ownership, use or possession of New York realty," *Elsevier, Inc., v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015) (internal brackets omitted) (quoting *Tebedo v. Nye*, 256 N.Y.S.2d 235, 236 (Sup. Ct. 1965)).

2022 WL 956271, at *4 ("Chowdhury alleges that VEON 'thwarted and sabotaged' WorldTel and participated in an auction for a bandwidth spectrum that WorldTel had a disputed claim to. These allegations stem from harms to WorldTel, not to Chowdhury himself." (internal citations omitted)).[4] There is no allegation anywhere in the Amended Complaint suggesting that WorldTel had a presence in New York sufficient to suffer an injury there, and WorldTel's assignment of a claim to a New York resident cannot create personal jurisdiction over VEON. *See Walden v. Fiore*, 571 U.S. 277, 285-86 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. . . . [A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

Because Chowdhury has failed to sufficiently allege any basis to exercise personal jurisdiction over VEON under New York's long-arm statute, the Court need not analyze whether jurisdiction would comport with due process. *See Assaf*, 2021 WL 2418243, at *3-5; *see also Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 366-67 (S.D.N.Y. 2020) ("N.Y. C.P.L.R. § 302 permits the exercise of personal jurisdiction in a narrower range of circumstances than the Due Process Clause . . . ."). Accordingly, the Court grants VEON's motion to dismiss for lack of personal jurisdiction.

### C.    Leave to Amend

Lastly, the Court considers whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Chowdhury has not asked the Court for leave to amend his Amended Complaint. "But even when a party does not ask for leave to amend, the Court may grant leave to

---

[4] There are no allegations in the Amended Complaint suggesting that VEON sought to defraud Chowdhury personally.

amend *sua sponte*." *In re Garrett Motion Inc. Sec. Litig.*, No. 20 Civ. 7992 (JPC), 2022 WL 976269, at *18 (S.D.N.Y. Mar. 31, 2022) (citation and internal quotation marks omitted) (collecting cases). When deciding whether to *sua sponte* grant leave to amend, "courts will consider many factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility." *Morales v. Kimberly-Clark Corp.*, No. 18 Civ. 7401 (NSR), 2020 WL 2766050, at *9 (S.D.N.Y. May 27, 2020). After considering these factors, the Court will grant Chowdhury leave to file a Second Amended Complaint with respect to VEON, in the event he believes he can plead facts that would adequately establish this Court's personal jurisdiction over VEON. Chowdhury has only once amended his pleading, and that amendment did remedy certain deficiencies in his first pleading. Nothing indicates that he sought that prior amendment in bad faith. Moreover, with discovery having not yet occurred, this case "is still in its infancy, [so] there would be minimal prejudice to Defendant in permitting Plaintiff to make one final amendment." *Morales*, 2020 WL 2766050, at *10. The Court emphasizes, however, that Chowdhury should amend only if he is able to resolve the pleading deficiencies outlined in this Opinion and Order.

### IV. Conclusion

For the reasons stated above, Chowdhury's motion for reconsideration is denied and VEON's motion to dismiss is granted. The Court grants Chowdhury leave to amend his Amended Complaint one final time, again only with respect to VEON. In the event Chowdhury decides to file another amended complaint, he must file it within thirty days of this Opinion and Order.

The Clerk of Court is respectfully directed to close the motion pending at Docket Number 78 and to terminate Defendant Bangladesh Telecommunication Regulatory Commission from this action.

SO ORDERED.

Dated: February 28, 2023
      New York, New York

                                                    JOHN P. CRONAN
                                        United States District Judge